GUNTHER, Judge.
Stephen Feidelman (“former husband”) appeals and Judith Feidelman (“former wife”) cross-appeals from a final judgment dissolving the parties’ marriage. Finding errors in certain mathematical computations, we reverse the amounts awarded in child support and permanent periodic alimony. We do, however, affirm all other issues raised in the appeal and cross-appeal without further discussion.
On appeal, the former husband argues that the trial court incorrectly determined his income by miscalculating his interest in Feidel-man Associates. Further, he asserts that the trial court’s failure to apply the standard tax deductions and exemptions when determining the net income of each party affected the amount each party owed under the child support guidelines.
We affirm the trial court’s decision as to the value of the former husband’s interest in Feidelman Associates since it is in accord with the valuation of the former husband’s interest in the business made by the former wife’s accountant. However, we reverse the amount awarded in child support. In determining a parent’s child support obligation, section 61.30(3), Florida Statutes (1995), provides that allowable deductions from gross income include “federal, state, and local income tax deductions, adjusted for actual filing status and allowable dependents and income tax liabilities.” In the instant case, the trial court failed to take into account the standard deductions in determining the parties’ net income for child support purposes. Thus, since applying the deductions will modify the parties’ net income, which will in turn affect their respective obligations under the child support guidelines, we remand to the trial court to recalculate the amount each party will pay in child support.
On cross-appeal, the former wife argues that the trial court erred in imputing income to her in the amount of $22,000 per year. In addition, she maintains that the trial court mathematically erred in determining the amount of her projected income and that the error resulted in her receiving less alimony than her actual needs required.
We find no fault with the amount of income the trial court imputed to the former wife. We do, however, find that the trial court erred in determining the former wife’s projected income on her investments. To project future income to the former wife for the purpose of determining her need for alimony, the trial court miscalculated the amount of “investment income” that the former wife could be presumed to earn based upon the assets distributed to her. In determining the amount of “investment income,” the trial court assumed an interest rate of 6.5% on the $718,000 in investment assets and miscalculated this amount to be $50,786. This miscalculation resulted in a $4,116 error as the proper amount would actually be $46,670.
In the final judgment, the trial court expressly found that the former wife had a need of $4,500 per month exclusive of child support, and it determined that this need would be met by alimony, the former wife’s employment, and the former wife’s invest *745 ments. It is clear from the final judgment that the amount the former wife was to be given in alimony was contingent upon the income she received from employment and her investments. Since the mathematical error results in over a $4,000 change in her overall income and affects the former wife’s ability to meet her needs, we reverse the amount of alimony awarded to the former wife and remand to the trial court to reconsider the amount of alimony the former wife needs in light of the findings it may make. Further, in directing the trial court to revisit this issue upon remand, we are not suggesting that the trial court is obliged to either increase or decrease the amount of permanent periodic alimony.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DELL, J., and HENNING, PATTI ENGLANDER, Associate Judge, concur.